UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE LOVINS,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:16-cv-2150 DB<br><br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] Plaintiff's motion argues that the Administrative Law Judge's treatment of the medical opinion evidence and questioning of the Vocational Expert was erroneous. For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

////

////

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 11 & 12.)

1

PROCEDURAL BACKGROUND

On March 5, 2013, plaintiff filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"), alleging disability beginning on January 1, 2005. (Transcript ("Tr") at 171-79.) Plaintiff's application was denied initially, (id. at 109-113), and upon reconsideration. (Id. at 116-20.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ")", and on November 5, 2014, plaintiff appeared at an administrative hearing before an ALJ. (Id. at 66-98.) Plaintiff appears to have been represented by an attorney and testified at the administrative hearing. (Id. at 32, 48-51.)

On March 5, 2015, the ALJ issued a decision finding that plaintiff was not disabled under the Act. (Id. at 43.) The ALJ entered the following findings:

> 1. The claimant has not engaged in substantial gainful activity since January 11, 2012, the filing date of the prior application (20 CFR 416.971 *et seq*.).[2]
>
> 2. The claimant has the following severe impairments: obesity, affective disorders, and history of substance addiction disorders (20 CFR 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except no climbing of ladders, ropes and scaffolds, and no more than occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; and no greater than simple, unskilled, non-public work with no more than occasional fellow employee contact.
>
> 5. The claimant has no past relevant work (20 CFR 416.965).
>
> 6. The claimant was born on June 23, 1977 and was 34 years old, which is defined as a younger individual age 18-49, on the date the prior application was filed (20 CFR 416.963).
>
> 7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

---

[2] At the November 5, 2014 hearing, plaintiff reopened a prior application filed on January 11, 2012. (Tr. at 23, 62.)

2

> 8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).
>
> 9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).
>
> 10. The claimant has not been under a disability, as defined in the Social Security Act, since January 11, 2012, the date the application was filed (20 CFR 416.920(g)).

(Id. at 34-43.)

On August 2, 2016, the Appeals Council denied plaintiff's request for review of the ALJ's March 5, 2015 decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on September 9, 2016. (ECF No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

3

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion asserts the following two principal errors: (1) the ALJ's treatment of the medical opinion evidence constituted error; and (2) the ALJ's hypothetical question to the Vocational Expert was incomplete. (Pl.'s MSJ (ECF No. 19) at 5-18.[3])

**I.   Medical Opinion Evidence**

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

---

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

Here, plaintiff challenges the ALJ's treatment of the June 16, 2014 opinion offered by plaintiff's treating physician, Dr. William Trusnovic. (Pl.'s MSJ (ECF No. 19) at 5-8.) Dr. Trusnovic opined that plaintiff's morbid obesity and systemic lupus rendered her only able to work part time.[4] (Tr. at 484.) The ALJ's March 5, 2015 decision discussed Dr. Trusnovic's opinion, finding it "partially credible to the extent [it] opined she was 'employable,' but not to the extent she was limited to part time work only 4 hours per day." (Id. at 40.)

In support of this determination, the ALJ stated:

> Progress notes document improvement when the claimant lost weight after she changed eating habits, became more active, and improved coping skills. As of June 2012, she requested authorization to return to her normal duties and chores at the rehab facility where she lived.

(Id. at 40.) The ALJ's decision then cites to a June 26, 2012 progress note from a primary care clinic. (Id. at 40, 271.) Dr. Trusnovic's opinion, however, was rendered on June 16, 2014—almost a full two years after the June 26, 2012 progress note. (Id. at 484.) Moreover, it is unclear why this single medical record would weigh heavier than, or undermine, the opinion of a treating physician.

---

[4] At step two of the sequential evaluation, the ALJ found that the record did "not support a medically determinable impairment of lupus." (Tr. at 38.)

5

1         The ALJ's decision goes on to assert that "[o]n June 16, 2014, the claimant reported 'doing better, improved mood, improved diet and is more active.'" (Id. at 40.) And that assertion is supported by citation to a June 16, 2014 medical record. (Id. at 40, 461.) However, it is unclear how vague and subjective descriptions such as "doing better," "improved," and "more," undermine the opinion of plaintiff's treating physician that plaintiff was limited to working part time. Moreover, those vague terms can be misleading when not read in context—and they are particularly so here.

        In this regard, the two sentences prior to the sentence quoted by the ALJ read:

> Pt is recently clean after longstanding methamphetamine addiction with jail time. She is morbidly obese with a BMI of 60. She has bipolar disease per her report and is going to Mental Health.

(Id. at 461.) There is no apparent inconsistency between Dr. Trusnovic's opinion that plaintiff's morbid obesity and lupus rendered her only able to work part time and the observation that plaintiff was doing better and improving after ending longstanding methamphetamine use, being released from incarceration, and seeking mental health care.

        Finally, the ALJ's decision states:

> In September 2014, Dr. Pantazis reported continued improvement, noting her pain control was "much improved," she was able to take less medication, and she was "stable" on her medication. Dr. Pantazis concluded she had improved function/ADL's. Progress notes by Dr. Pantazis are found more credible than progress notes by Dr. Trusnovic because she appeared to be evaluated more often by Dr. Pantazis, whose findings are better supported and more consistent with the entire medical record. Therefore, the assessment by Dr. Trusnovic is found only partially credible, but not to the extent of establishing disability.

(Id. at 40-41) (citations omitted).

        Again, it is entirely unclear why evidence that plaintiff was then "much improved" and "stable" on medication is inconsistent with Dr. Trusnovic's opinion that plaintiff could only work part time. And, again, this is especially true after examining the medical record cited by the ALJ in support, which also states that plaintiff was "morbidly obese-BMI = 60," and "was loosing (sic) weight but has gained this month." (Tr. at 452.)

////

Nor does the ALJ's decision provide any citation or explanation for the finding that Dr. Pantazis' progress notes were "better supported and more consistent with the entire medical record." Moreover, assuming *arguendo* that Dr. Pantazis' progress notes were better supported and that Dr. Pantazis evaluated plaintiff more often than Dr. Trusnovic, that information fails to explain why Dr. Trusnovic's opinion that plaintiff could only work part time should be rejected. In this regard, the ALJ fails to explain what in Dr. Pantazis' progress notes undermined Dr. Trusnovic's opinion, beyond reference to vague and subjective terms such as "improved." One may be improved, better, stable, etc., and still be unable to work.

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity . . . required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988); see also Tackett v. Apfel, 180 F.3d 1094, 1102 (9th Cir. 1999) ("The ALJ must set out in the record his reasoning and the evidentiary support for his interpretation of the medical evidence."); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("Broad and vague" reasons for rejecting the treating physician's opinion do not suffice).

For the reasons stated above, the court finds that the ALJ failed to offer specific and legitimate, let alone clear and convincing, reasons for rejecting Dr. Trusnovic's opinion. Accordingly, plaintiff is entitled to summary judgment on the claim that the ALJ's treatment of the medical opinion evidence constituted error.

## II. **Incomplete Hypothetical Question**

Plaintiff also argues that the ALJ's hypothetical question to the Vocational Expert ("VE") failed to account for plaintiff's mental limitations. (Pl.'s MSJ (ECF No. 19) at 9-18.) At step five, "the Commissioner has the burden 'to identify specific jobs existing in substantial numbers in the national economy that [a] claimant can perform despite [his] identified limitations.'" Zavalin v. Colvin, 778 F.3d 842, 845 (9th Cir. 2015) (quoting Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (alterations in original)). "To aid in making this determination, the ALJ may

rely on an impartial vocational expert to provide testimony about jobs the applicant can perform despite his or her limitations." Gutierrez v. Colvin, 844 F.3d 804, 806-07 (9th Cir. 2016).

While an ALJ may pose a range of hypothetical questions to a VE based on alternate interpretations of the evidence, the hypothetical question that ultimately serves as the basis for the ALJ's determination, i.e., the hypothetical question that is predicated on the ALJ's final residual functional capacity assessment, ("RFC"), must account for all of the limitations and restrictions of the particular claimant. Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009).

"If an ALJ's hypothetical does not reflect all of the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." Id. (citation and quotation marks omitted); see also Taylor v. Commissioner of Social Sec. Admin., 659 F.3d 1228, 1235 (9th Cir. 2011) ("Because neither the hypothetical nor the answer properly set forth all of Taylor's impairments, the vocational expert's testimony cannot constitute substantial evidence to support the ALJ's findings."). Moreover, "[w]hen there is an apparent conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT")—for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle—the ALJ is required to reconcile the inconsistency." Zavalin, 778 F.3d at 846.

Here, plaintiff argues that the ALJ's hypothetical question to the VE failed to include plaintiff's moderate limitations in maintaining concentration, persistence and pace. (Pl.'s MSJ (ECF No. 19) at 18.) Defendant acknowledges that "[t]he ALJ did accept that Plaintiff had moderate limitations in concentration, persistence and pace," but argues that the ALJ's hypothetical permissibly accounted for those limitations by assuming a limitations to simple unskilled work. (Def.'s MSJ (ECF No. 20) at 12-13.)

However, where an ALJ accepts that the medical evidence has established that the claimant is moderately limited in maintaining concentration, persistence and pace, the ALJ must include that limitation in the hypothetical question to the VE. See Brink v. Comm'r of Soc. Sec. Admin., 343 Fed.Appx. 211 (9th Cir. 2009) ("Brink I"); see also Brink v. Commissioner of Social

Sec. Admin., 599 Fed.Appx. 657, 658 (9th Cir. 2015) ("Brink II") ("we reasoned that the ALJ failed to capture Brink's functional limitations resulting from his moderate impairments in concentration, persistence, or pace when the ALJ's hypothetical to the vocational expert stated only that Brink could perform simple, repetitive tasks"); Lubin v. Commissioner of Social Sec. Admin., 507 Fed.Appx. 709, 712 (9th Cir. 2013) ("The ALJ must include all restrictions in the residual functional capacity determination and the hypothetical question posed to the vocational expert, including moderate limitations in concentration, persistence, or pace."); Winschel v. Commissioner of Social Sec., 631 F.3d 1176, 1181 (11th Cir. 2011) ("In this case, the ALJ determined at step two that Winschel's mental impairments caused a moderate limitation in maintaining concentration, persistence, and pace. But the ALJ did not indicate that medical evidence suggested Winschel's ability to work was unaffected by this limitation, nor did he otherwise implicitly account for the limitation in the hypothetical. Consequently, the ALJ should have explicitly included the limitation in his hypothetical question to the vocational expert."); Stewart v. Astrue, 561 F.3d 679, 684-85 (7th Cir. 2009) ("The Commissioner asserts that the ALJ accounted for Stewart's limitations of concentration, persistence, and pace by restricting the inquiry to simple, routine tasks that do not require constant interactions with coworkers or the general public. We have rejected the very same contention before.").

Defendant argues that the Ninth Circuit "has held that an RFC that limits a claimant to 'simple, unskilled' [work] is consistent with a finding that the claimant has moderate limitations in concentration, persistence and pace." (Def.'s MSJ (ECF No. 20) at 11.) In support of this argument, defendant cites a number of unpublished Ninth Circuit opinions that rely on the published opinion of Stubbs-Danielson v. Astrue, 539 F.3d 1169 (9th Cir. 2008).

In Stubbs-Danielson, however, the ALJ did not find that the claimant was moderately limited with respect to concentration, persistence, or pace. Instead, the ALJ "translated" a doctor's opinion that the claimant was limited to a "slow pace" but could "carry out simple tasks" into a "restriction to 'simple tasks.'" (Id. at 1173-74.) Finding no error, the Ninth Circuit stated that "an ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical

9

testimony." Id. at 1174. In this regard, Stubbs-Danielson "is . . . inapposite because it did not address the question of whether an ALJ must incorporate her own findings into a vocational hypothetical." Rosas v. Colvin, Case No. 15-cv-0231-WHO, 2015 WL 9455475, at *13 (N.D. Cal. Dec. 28, 2015).

Here, medical opinions found that plaintiff was moderately limited in maintaining concentration, persistence, and pace. (Tr. at 87, 104.) The ALJ afforded those opinions "substantial weight." (Id. at 39.) The ALJ also found that plaintiff was moderately limited in maintaining concentration, persistence, and pace. (Id. at 38, 40.) Accordingly, the ALJ should have included such limitations in the hypothetical question to the VE. See Acevedo v. Berryhill, No. CV 17-1142 PLA, 2018 WL 550587, at *5 (C.D. Cal. Jan. 23, 2018) ("When the medical evidence establishes, and the ALJ accepts, that the claimant has moderate limitations in maintaining concentration, persistence, and pace, that limitation must be reflected in the hypothetical presented to the VE."); Culpepper v. Berryhill, Case No. 1:16-cv-1230 SKO, 2017 WL 6594640, at *12 (E.D. Cal. Dec. 26, 2017) ("Indeed, the ALJ himself found, at Step Three of the disability determination process, that Plaintiff had 'moderate difficulties' in these areas, but determined that Plaintiff's only mental limitation was to 'jobs involving simple, routine, and repetitive tasks'. Under the reasoning in Brink, such a determination was in error."); cf. Lawhorn v. Colvin, 609 Fed.Appx. 449, 450 (9th Cir. 2015) (hypothetical limited to "simple routine tasks" not erroneous where "Dr. Peter Okulitch stated that Lawhorn had difficulty concentrating but nonetheless concluded that he could perform 'simple and repetitive tasks as well as more detailed and complex ones'"); Wilder v. Commissioner of Social Sec. Admin., 545 Fed.Appx. 638, 639 (9th Cir. 2013) ("The medical evidence in this record does not support any work-related limitation in Wilder's ability to sustain concentration, persistence, or pace. Substantial evidence therefore does not support functional limitations more severe than limitation to 'simple, routine, repetitive work' accounted for in the RFC and the hypothetical question posed to the VE.").

Accordingly, for the reasons stated above, the court finds that plaintiff is also entitled to summary judgment on the claim that the ALJ's hypothetical question to the VE was incomplete.

CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison, 759 F.3d at 1020. Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the court cannot conclude that further administrative proceedings would serve no useful purpose. For example, although plaintiff's claim for disability would find substantial support from Dr. Trusnovic's opinion, that opinion doesn't provide an onset date and states only that plaintiff's incapacity is probably permanent. Further administrative proceedings would clarify such issues.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 18) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 20) is denied;

3. The Commissioner's decision is reversed;

////

////

11

4. This matter is remanded for further proceedings consistent with this order; and

5. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

Dated: March 5, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\lovings2150.ord